(26 Misc. Rep. 714.)

## VANDERBECK et al. v. HEMMEL.

(Supreme Court, Appellate Term.   March 24, 1899.)

ACTION ON ORDERS—PLEADING—SUFFICIENCY.

   A complaint, in an action on an accepted order, payable out of the first payment due to drawer, "when the second tier of beams is set," under his contract for the erection of a building, which fails to allege that the beams were set by the drawer, is insufficient.

Appeal from city court of New York, general term.

Action by Francis I. Vanderbeck and others against Arthur E. Hemmel.   From a judgment of affirmance of the general term (54 N. Y. Supp. 562), defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

L. & A. U. Zinke, for appellant.
W. C. Sherwood, for respondents.

FREEDMAN, P. J.   When this case was called for trial, and after a jury had been impaneled and sworn, and before any testimony was given, the defendant's counsel made a motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   This motion was denied, and an exception taken.   The plaintiffs then introduced their evidence, and rested their case.   The defendant offered no evidence, and the jury rendered a verdict for the plaintiffs, upon which judgment was duly entered. The defendant appealed therefrom to the general term, which affirmed the judgment; and from the judgment of affirmance an appeal was taken to this court.

The only question presented by this appeal is whether the complaint states facts sufficient to constitute a cause of action.   The complaint alleges that in consideration of two certain written orders upon, and acceptances by, the defendant, the plaintiffs sold to Emanuel Rapp certain lumber, of the value of $323.   It then sets forth said orders and acceptances at length.   Each of the orders was drawn by Emanuel Rapp upon the defendant, and accepted by the latter, and each was made payable out of the first payment due to Rapp, "when the second tier of beams is set," and made chargeable against his account.   Upon the facts pleaded, the implication is apparent that Rapp was to perform certain work for the defendant in the erection of a building, and that he was to be paid the sums represented by the orders upon the completion of his contract up to the point of setting the second tier of beams.   The complaint then alleges that the second tier of beams was set, and that no part of the said $323 has been paid, although demanded.   But the complaint fails to allege that the second tier of beams was set by Rapp, or pursuant to his contract; and there is no allegation or averment anywhere, in substance or to the effect, that the first payment ever became due to Rapp.   For all that appears, there might have been an abandonment of the contract by Rapp before he earned the first payment, and the second set of tiers of beams might have been set by another contractor for defendant's account, or by the defendant himself.

For the reasons stated, the complaint is clearly insufficient. The denial of the motion to dismiss the complaint was therefore erroneous. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

(39. App. Div. 361.)